UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT J. STAMPER,

    Petitioner,

v.

STEVE FRANKE,

    Respondent.

Case No. 2:11-cv-00864-HZ

OPINION AND ORDER

THOMAS J. HESTER
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

ELLEN ROSENBLUM
Attorney General
ANDREW HALLMAN
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, NE
Salem, OR 97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

Hernandez, District Judge.

Petitioner, an inmate in custody of the Oregon Department of Corrections brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges his 2005 convictions and sentencing, raising claims of trial court error and ineffective assistance of counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is dismissed on the basis it is untimely.

## BACKGROUND

Following a jury trial in 2005, Petitioner was convicted of Attempted Aggravated Murder (6 counts), Kidnaping I (3 counts), Rape I (3 counts), Sodomy I (2 counts), Attempted Sodomy I (1 count), Assault II (1 count), and Burglary I (1 count). He was sentenced to 62-years of imprisonment.

Petitioner directly appealed his conviction and sentencing. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review, with the Appellate Judgment effective June 18, 2008. (Resp. Ex. 107.) Ninety days later, the period in which Petitioner could seek certiorari from the United States Supreme Court expired.

On January 23, 2009, Petitioner signed a petition seeking state post-conviction relief ("PCR"). (Resp. Ex. 141.) The PCR trial court denied relief. (Resp. Exs. 134-136.) Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion; and the Oregon Supreme Court denied review, with the Appellate

2 - OPINION AND ORDER -

Judgment effective November 10, 2010.  (Resp. Ex. 140, 139.)

    Petitioner signed the instant federal habeas petition on July 15, 2011.  It was received by the Court July 18, 2011.  Petitioner raises four claims of trial court error, one claim alleging that Measure 11 sentencing is unconstitutional, and one claim alleging ineffective assistance of counsel.  (#1, Pet. at 6-7(a).)  In the Response, Respondent asserts that the petition should be dismissed on the basis that it is untimely.  (#16.)

## DISCUSSION

    Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations that applies to applications for a writ of habeas corpus by person in custody pursuant to a State court judgment.  28 U.S.C. § 2244(d).  It is undisputed that the instant petition was filed beyond the one-year limitation period.  The threshold issue before the Court is whether Petitioner is entitled to equitable tolling of the limitation period.

    Respondent calculates the untimeliness of the petition as follows:  The one year statute of limitations began to run on September 16, 2008, allowing for the 90-day period after the State's appellate proceedings became final in which Petitioner could petition for certiorari in the United State Supreme Court; the limitation period was tolled between January 23, 2009, and November 10, 2010, when Petitioner had a properly filed collateral

3 - OPINION AND ORDER -

review underway in State court; 129 days accrued between September 16, 2008, and January 23, 2009, the date Petitioner signed his State PCR petition; an additional 247 days accrued between November 10, 2010, and July 15, 2011, the date Petitioner signed his federal habeas petition; a total of 376 days accrued, exceeding the one-year limitation period provided under 28 U.S.C. § 2244(d)(1). (#16, Resp. at 2-3.) Petitioner accepts Respondent's calculations and concedes his petition was filed roughly 11 days beyond the one-year limitation period. (#38, Reply to Response, at 4-5 and 7.) However, he argues he is entitled to have the untimeliness excused because he was housed in administrative segregation, which prevented him from filing within the limitation period. He also asks that an evidentiary hearing be held. Upon review of the record, the Court finds that neither equitable tolling nor a hearing is warranted.

1. <u>Equitable Tolling</u>

The AEDPA's one-year limitation is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560-65 (2010); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Calderson v. Unites States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.) (en banc). However, "[t]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions

4 - OPINION AND ORDER -

swallow the rule." *Miranda*, 292 F.3d at 1066 (internal quotation marks and citation omitted); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Equitable tolling is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time.'" *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)), *cert. denied*, 546 U.S. 1171 (2006).

Decisions on equitable tolling must be made on a case-by-case basis, "draw[ing] upon decisions made in other similar cases for guidance." *Holland*, 130 S.Ct. at 2563. Equitable tolling may be justified when a prisoner is prevented from filing by a state official's wrongful conduct, an inadequate prison library, denial of access to his files, or an attorney's egregious conduct. *Shannon*, 410 F.3d at 1089-90, (citing cases); *see also Holland*, 130 S.Ct. at 2562-64 (attorney conduct beyond "excusable neglect" may warrant tolling). However, an inmate's ignorance of the law and lack of legal sophistication does not warrant equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006). Nor does an inmate's limited access to the law library while housed in administrative segregation necessarily warrant tolling. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).

A habeas petitioner seeking equitable tolling must establish

5 - OPINION AND ORDER -

"(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way[,]" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner has not met this requirement.

Petitioner asserts that his inability to physically go to the law library prevented him from filing his petition in a timely manner. (#38, at 7.) However, the record shows that, while inmates housed in the Administrative Housing Unit ("AHU") are not allowed to physically go to the main prison library, legal research materials are available on the AHU, including a Lexis Nexis Research computer. (#40, Decl. at 2, Attach. 2, and Ex. 4.) Moreover, the inmates can request materials that are not on the unit proper through written inmate communications ("kyte") sent to the library. (*Id.*) And they can request legal assistance through kytes. (*Id.*, Decl. at 2.) Petitioner offers no evidence that he was denied access to legal resources that were essential for the timely filing of his petition.

Furthermore, Petitioner acknowledges he was able to contact the library by telephone. (#38, at 7.) And the record shows Petitioner sent kytes to the library on a number of occasions and that the library responded to those promptly. (#40, Attachs. 3, 4, 5, 6.) Based on the record, the Court finds that Petitioner had access to the materials necessary for preparing his petition - including basic legal research material, a typewriter, and a Lexis

6 - OPINION AND ORDER -

Nexis Research computer - and that he has not shown that being housed in the AHU constitutes extraordinary circumstances that made it impossible to file his petition on time. Accordingly, equitable tolling is not warranted.

2.  Evidentiary Hearing

"A habeas petitioner . . . should receive an evidentiary hearing when he makes a 'good-faith *allegation that would, if true*, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)), *cert. denied,* 549 U.S. 1317 (2007). However, when the record is sufficiently developed for the court to make a determination on equitable tolling, a hearing is not required. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010)(evidentiary hearing not required when record amply developed). Here the record is sufficiently developed regarding the legal materials available on the AHU, and Petitioner's communications with the library that an evidentiary hearing is not required.

/ / /

/ / /

/ / /

7 - OPINION AND ORDER -

## CONCLUSION

Based on the foregoing, the Petition for Writ of Habeas Corpus (#1) is DISMISSED, with prejudice on the basis that it is untimely. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __26__ day of April, 2013.

                    */s/ Marco Hernandez*
                    Marco A. Hernandez
                    United States District Judge